Brittany Rodriguez

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

FILED
IN CLERKS OFFICE
2026 MAR 26  PM 3:29
U.S. DISTRICT OF MASS.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages arising from Defendant Experian Information Solutions, Inc.'s ("Experian") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Experian prepared, maintained, and published consumer reports about Plaintiff that contained inaccurate and internally inconsistent tradeline data across three accounts. Each of the three tradelines was the subject of a prior consumer dispute. In each instance, Experian either certified that the item "remained unchanged" or made a superficial update that left the core inaccuracy intact. Experian's conduct violated its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) and its duty to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i(a)(1)(A).

3. The three tradelines at issue are: (1) Citizens Bank account ending in 4538, a charged-off credit card that has reported an identical, frozen $899 balance with zero payments for more than five

years while Experian continues to generate monthly updates to the account; (2) Nordstrom/TD Bank account ending in 4709, a charged-off credit card that has reported an identical, frozen $1,389 balance with zero payments since at least 2020 while Experian continues generating monthly updates; and (3) Ally Financial account ending in 7927, an auto loan that carries simultaneous "Repossession" and "Paid, Closed" notations -- an internally inconsistent status combination that survived reinvestigation unchanged.

4. A consumer reporting agency that generates monthly updates to a tradeline while the reported balance never changes and no payment activity is recorded is not assuring maximum possible accuracy -- it is publishing stale data dressed up as current reporting. See Chiang v. Verizon New England Inc., 595 F.3d 26, 37 (1st Cir. 2010) (a consumer report may violate § 1681e(b) even where technically accurate if it is misleading in context). A reinvestigation that returns the result "remained unchanged" without identifying what, if anything, was investigated is not a reasonable reinvestigation. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1161 (9th Cir. 2009).

5. As a result of Experian's conduct, Plaintiff suffered concrete harm. Experian disseminated her consumer report containing the inaccurate and inconsistent tradelines to third-party users, including creditors who denied Plaintiff's applications for credit. Plaintiff also suffered emotional distress, anxiety, loss of sleep, and time lost from daily life pursuing disputes that Experian failed to resolve.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under the laws of the United States.

7. Venue is proper in this District under 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b). Plaintiff resides in this District, Experian's consumer disclosure was prepared and furnished for use in this

District, and a substantial part of the events and injuries giving rise to these claims occurred here.

## PARTIES

8. Plaintiff Brittany Rodriguez is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in Massachusetts.

9. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Experian regularly assembles, maintains, and furnishes consumer reports for monetary compensation throughout the United States. Experian may be served through its registered agent or its principal offices at 475 Anton Boulevard, Costa Mesa, California 92626.

## FACTUAL ALLEGATIONS

### A. The Experian Disclosure

10. On or about February 2, 2026, Experian prepared and issued to Plaintiff a consumer file disclosure bearing Report Number 0958-4831-14.

11. Plaintiff reviewed her Experian file in connection with her efforts to qualify for new credit. She identified three tradelines that were inaccurate, internally inconsistent, or both.

### B. Citizens Bank -- Frozen Charge-Off Balance

12. Experian's February 2, 2026 disclosure reflects a Citizens Bank credit card account ending in 4538. Experian reports the account as charged off in May 2020, with $899 written off and $899 past due, and lists the account's on-record-until date as July 2026.

13. The balance histories for the Citizens Bank tradeline show the reported balance frozen at exactly $899 for every month from at least September 2024 through December 2025 -- a span of sixteen months -- with zero dollars paid in each month and the last payment recorded as January 31, 2020. No payment activity is recorded on this account for more than five years.

14. Despite the complete absence of any payment activity or balance movement, Experian continued to generate monthly updates to this tradeline throughout 2024 and 2025. Experian updated the balance as recently as December 31, 2025.

15. A charged-off account with a balance that has not changed by a single dollar in over five years, on which no payment has been received in over five years, is not being actively and accurately maintained -- it is carrying forward a stale, frozen figure while Experian falsely presents the account as currently reported. This is not maximum possible accuracy. It is the appearance of current reporting without the substance.

16. The Citizens Bank tradeline also reflects an internal inconsistency in its balance history. The credit limit is listed as $800, yet the charged-off balance is $899 and the highest balance is $899 -- both above the stated credit limit. Experian reports the high-credit figure alternately as $800 and $899 across different reporting periods without explanation.

17. Plaintiff disputed the Citizens Bank tradeline with Experian. Experian's "Reinvestigation Info" field in the February 2026 disclosure states: "This item was updated from our processing of your dispute in Oct 2024." Despite this notation of an update, the balance remained frozen at $899, the last payment date remained January 31, 2020, and no correction was made to the over-limit balance discrepancy. The update Experian made was not directed at the core inaccuracies Plaintiff identified.

17a. The Citizens Bank tradeline is also materially incomplete. The Monthly Payment, Recent Payment, and Terms fields are all blank. Metro 2 identifies Scheduled Monthly Payment Amount and Actual Payment Amount as core base-segment reporting fields. A charged-off account that generates monthly balance updates while leaving those fields entirely blank presents an incomplete picture of the obligation to every user of the report. Experian's October 2024

reinvestigation of this tradeline did not address these missing fields.

### C. Nordstrom/TD Bank -- Frozen Charge-Off Balance

18. Experian's February 2, 2026 disclosure reflects a Nordstrom/TD Bank credit card account ending in 4709, reported as charged off in October 2020, with $1,389 written off, and scheduled to remain on record until October 2026.

19. The balance histories for the Nordstrom/TD Bank tradeline show the reported balance frozen at exactly $1,389 for every single month from at least February 2024 through December 2025 -- a span of twenty-three consecutive months -- with zero dollars paid in each month and the last payment recorded as June 7, 2020.

20. As with the Citizens Bank tradeline, Experian has continued to update the Nordstrom/TD Bank tradeline monthly despite the complete absence of any payment activity or balance movement for more than five years. A balance that does not change by a single dollar across twenty-three consecutive monthly reporting cycles is not a maintained, accurate tradeline -- it is stale data published with the misleading appearance of active, current reporting.

21. Plaintiff disputed the Nordstrom/TD Bank tradeline with Experian. Experian's "Reinvestigation Info" field states: "This item remained unchanged from our processing of your dispute in Oct 2024." Experian conducted a reinvestigation, confirmed the item, and left it intact -- including the frozen balance, the five-year-old last payment date, and the zero payment history stretching across the entire post-charge-off period.

21a. The Nordstrom/TD Bank tradeline is also materially incomplete. The Monthly Payment, Recent Payment, and Terms fields are all blank. The payment history grid additionally reflects a No Data gap in March 2021 in the middle of an otherwise active payment history, which Experian has never explained or corrected. These omissions compound the inaccuracy of the frozen-balance

reporting and were not addressed during Experian's October 2024 reinvestigation.

22. A reinvestigation of a tradeline with a five-year frozen balance and a five-year-old last payment date that returns the result "remained unchanged" without correcting or explaining those anomalies does not constitute a reasonable reinvestigation under 15 U.S.C. § 1681i(a)(1)(A). Upon information and belief, Experian transmitted an automated ACDV code to TD Bank, accepted the furnisher's response without independent analysis, and closed the dispute without addressing the specific inaccuracies Plaintiff raised.

### D. Ally Financial -- Internally Inconsistent Repossession Notation

23. Experian's February 2, 2026 disclosure reflects an Ally Financial auto loan account ending in 7927, opened January 21, 2019, with an original balance of $21,603 over 72 months.

24. The Ally Financial tradeline carries the following simultaneous notations: the payment history grid reflects repossession codes ("R") from February 2025 through May 2025; the account's comment field includes a "Redeemed repossession" notation dated February 2023 through August 2024; and the current account status is "Paid, Closed."

25. These notations are internally inconsistent. A repossession that was redeemed means the consumer exercised her right to reclaim the vehicle by paying the outstanding balance and costs. A "Paid, Closed" status is consistent with a redeemed repossession. However, the tradeline simultaneously retains active "R" repossession codes in the payment history grid alongside the "Paid, Closed" status, and presents a payment history riddled with 30-, 60-, 90-, and 120-day late notations spanning virtually the entire life of the loan from 2019 onward. The combination of "Paid, Closed," "Redeemed repossession," and ongoing repossession codes in the same tradeline presents a distorted and misleading picture of the account's final status.

26. The Ally tradeline also reflects significant payment history irregularities. The balance history

shows a jump from approximately $11,875 in July 2024 to $12,982 in October 2024 to $4,880 in November 2024, with no payment recorded during that period to account for the dramatic balance reduction. No payment is shown after March 22, 2024, yet the balance continued to fluctuate.

27. Plaintiff disputed the Ally Financial tradeline with Experian. Experian's "Reinvestigation Info" field states: "This item remained unchanged from our processing of your dispute in Oct 2024." Experian accepted the internally inconsistent tradeline as accurate without correcting the conflict between the repossession codes, the "Redeemed repossession" notation, and the "Paid, Closed" status.

### E. Experian's Failed Reinvestigations

28. All three tradelines were the subject of consumer disputes processed by Experian in or around October 2024. Experian's own reinvestigation notations confirm this.

29. For the Citizens Bank tradeline, Experian stated the item "was updated" -- but the core inaccuracies (frozen balance, five-year-old last payment, over-limit balance discrepancy) were not corrected.

30. For the Nordstrom/TD Bank tradeline, Experian stated the item "remained unchanged" -- meaning Experian conducted a reinvestigation of a tradeline with a five-year frozen balance and determined it was accurate.

31. For the Ally Financial tradeline, Experian stated the item "remained unchanged" -- meaning Experian conducted a reinvestigation of a tradeline that simultaneously reported a vehicle as repossessed and as paid and closed, and determined it was accurate.

32. A reasonable reinvestigation requires that a consumer reporting agency do more than transmit an automated dispute code to the furnisher and accept the furnisher's response. It requires

independent analysis, particularly where the tradeline presents facially anomalous data -- like a balance that has not moved in five years or simultaneous repossession and paid-closed notations -- that a furnisher's ACDV response alone cannot explain. See CFPB v. Experian Information Solutions, Inc., No. 8:25-cv-00024 (C.D. Cal. Jan. 7, 2025) (alleging that Experian's systemic practice of uncritically accepting furnisher ACDV responses without forwarding consumer documentation or conducting independent inquiry violates § 1681i(a)(1)(A)).

### F. Dissemination and Harm

33. Experian disseminated Plaintiff's consumer report containing the inaccurate and internally inconsistent tradelines to third-party users with a permissible purpose. Dissemination of inaccurate information to third parties constitutes concrete harm sufficient to confer Article III standing. TransUnion LLC v. Ramirez, 594 U.S. 413, 432-33 (2021).

34. After Experian failed to correct or delete the disputed tradelines, Plaintiff was denied credit in 2025. The denial was caused in whole or in part by the inaccurate and internally inconsistent information Experian was reporting.

35. Plaintiff also suffered emotional distress, anxiety, frustration, and loss of sleep as a result of Experian's failure to correct information she had disputed. She lost time from her normal routine reviewing her report, preparing disputes, monitoring Experian's responses, and managing the consequences of being denied credit. These damages are recoverable under 15 U.S.C. § 1681o and § 1681n. See Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995).

## COUNT I
## Negligent Noncompliance with the FCRA
### 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(5)(A), 1681o

36. Plaintiff repeats and realleges Paragraphs 1 through 35 as if fully set forth herein.

37. Section 1681e(b) requires Experian, whenever it prepares a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

38. Section 1681i(a)(1)(A) requires Experian, upon receipt of a consumer's dispute regarding the completeness or accuracy of information in her file, to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

39. Section 1681i(a)(5)(A) requires Experian to promptly delete or modify information found to be inaccurate, incomplete, or unverifiable following reinvestigation.

40. Experian negligently failed to follow reasonable procedures to assure maximum possible accuracy when it prepared and published Plaintiff's consumer report with: (a) a Citizens Bank tradeline reflecting a five-year frozen balance, missing payment fields, and a balance exceeding the stated credit limit; (b) a Nordstrom/TD Bank tradeline reflecting the same frozen-balance pattern across twenty-three consecutive months with blank payment fields and an unexplained payment history gap; and (c) an Ally Financial tradeline presenting simultaneously inconsistent repossession and paid-closed notations with unexplained balance fluctuations.

41. Experian negligently failed to conduct a reasonable reinvestigation when, following Plaintiff's October 2024 disputes, it accepted furnisher ACDV responses without independent analysis and either certified inaccurate tradelines as unchanged or made superficial updates that did not address the core inaccuracies Plaintiff identified.

42. Experian negligently failed to delete or modify the inaccurate and internally inconsistent tradelines following its deficient reinvestigations.

43. As a direct and proximate result of Experian's negligent noncompliance, Plaintiff suffered actual damages as described in Paragraphs 34 and 35, in an amount to be determined at trial. Actual damages are recoverable under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests judgment against Defendant on Count I for actual damages, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT II
### Willful Noncompliance with the FCRA
### 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(5)(A), 1681n

44. Plaintiff repeats and realleges Paragraphs 1 through 35 as if fully set forth herein.

45. Experian's noncompliance was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Company of America v. Burr, 551 U.S. 47, 56-57 (2007), which holds that willfulness under the FCRA encompasses both knowing violations and conduct reflecting reckless disregard of a statutory obligation.

46. Experian is one of the three largest consumer reporting agencies in the United States, subject to decades of regulatory oversight, congressional scrutiny, and consumer litigation. Experian knew or recklessly disregarded that: (a) reporting a charged-off balance as perpetually frozen across five or more years of monthly updates, without any corresponding payment activity, fails to assure maximum possible accuracy under § 1681e(b); (b) reporting simultaneous repossession and paid-closed notations on the same tradeline without explanation creates an internally inconsistent and misleading consumer report; and (c) certifying disputed tradelines as "unchanged" after routing an automated ACDV code to a furnisher, without independent analysis of the specific anomalies identified by the consumer, does not constitute a reasonable reinvestigation under § 1681i(a)(1)(A).

47. Experian's systemic failure to conduct genuine reinvestigations of facially anomalous tradelines has been the subject of a federal enforcement action brought by the Consumer Financial Protection Bureau in January 2025. See CFPB v. Experian Information Solutions, Inc., No. 8:25-cv-00024 (C.D. Cal.). That complaint alleges that Experian's practice of accepting furnisher ACDV responses without forwarding consumer documentation, without independent inquiry, and without confronting furnishers with internally illogical data is a pattern of systemic noncompliance with the FCRA. The same pattern is present in Plaintiff's case.

48. Experian nevertheless continued to maintain and publish the three inaccurate tradelines, failed to conduct genuine reinvestigations, and failed to correct or delete the entries after receiving Plaintiff's disputes, in reckless disregard of its FCRA obligations.

49. Experian's willful noncompliance entitles Plaintiff to actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages, and costs of suit under 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff requests judgment against Defendant on Count II for actual damages or statutory damages as allowed by 15 U.S.C. § 1681n(a)(1)(A), punitive damages, costs of suit, and such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brittany Rodriguez respectfully requests that this Court enter judgment in her favor and against Defendant Experian Information Solutions, Inc. as follows:

A. Actual damages sustained by Plaintiff as a result of Experian's violations, including credit-related harm, denial of credit, emotional distress, and time lost, in an amount to be determined at trial;

B.  Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), in an amount not less than $100

nor more than $1,000 per violation, for willful noncompliance;

C.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for Experian's willful noncompliance;

D.  Costs of suit pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

E.  Pre-judgment and post-judgment interest as allowed by law; and

F.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure.

Respectfully submitted,

*Brittany Rodriguez*

Brittany Rodriguez

225 Blue Hill AVE UNIT 315

Roxbury MA, 02119-2359

Plaintiff, Pro Se

Dated: March 18, 2026